UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

AMANDA TIENKEN,

       Plaintiff,

v.

CARNIVAL CORPORATION,

       Defendant.

                                         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, AMANDA TIENKEN, is a citizen of Arizona.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181, and/or

48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Radiance*.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant unilaterally inserts a forum clause into its cruise tickets that require its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the subject vessel, the *Carnival Radiance* (hereinafter the "subject vessel").

9. At all times material, the subject vessel was in navigable waters.

10. At all times material hereto, Defendant had exclusive custody and control of the subject vessel.

11. Defendant directly participated in and approved of the designs for the interior areas of the subject vessel, including the selection of flooring materials, for the public areas onboard the subject vessel.

12. Defendant established internal standards for the use and selection of flooring materials for various areas aboard its ships, including the subject vessel. . The internal standards included co-efficient of friction for polished granite, marble and/or other highly slippery surfaces used in heavily trafficked areas where there was a high risk of liquid spills. Upon information and belief, these internal standards were created and/or approved of by Defendant.

13. Defendant is aware that many accidents occur from falls due to wet, sticky, and/or slippery surfaces, and for those areas to be regularly maintained, swept, mopped, and properly cleaned.

14. Defendant is aware that improper cleaning of foreign transitory substances, including spills from beverages, create a hazardous condition if not executed properly, and lead to more injuries, and has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.

## **THE INCIDENT**

15. On or about April 28, 2023, the Plaintiff was a fare-paying passenger on the subject vessel, which at all times material operated in navigable waters.

16. On or about April 28, 2023, the Plaintiff was walking on deck 5 in the area of the Alchemy Bar (hereinafter the "subject area") when, suddenly and without warning, she slipped and fell on a floor that was unreasonably slippery and slick.

17. Only after she had fallen did the Plaintiff observe that there was a foreign substance on the floor. Upon information and belief the foreign substance was a clear drink with a lime in it. The lime appeared dried out and had already started to discolor on the edges indicating that the it had been on the floor for an extended period of time.

18. Due to the lighting and the color of the flooring, the foreign transitory substance was not open or obvious, there were no warning or caution signs present, and the Plaintiff had no way of

knowing the existence of the hazardous and dangerous condition. There was nothing the Plaintiff could have done to prevent her incident.

19. The unreasonably slippery, slick, hazardous, and/or dangerous nature of the flooring surface was not open and obvious, there were no warning or caution signs present, and Plaintiff had no way of knowing the existence of the hazardous condition.

20. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

   a. The subject area contained a foreign substance that made the flooring surface unreasonably slippery, slick and/or unreasonably dangerous when so contaminated;

   b. The flooring surface of the subject area was slippery and/or unreasonably slippery, even without being contaminated by the foreign substance(s) outlined above;

   c. Defendant failed to place signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably sticky/slippery nature of the flooring surface in the subject area.

21. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

   a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant's crewmembers were standing within a close distance to the subject area and/or were actively monitoring same for hazards, per Defendant's policies and procedures, and did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

   b. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, the unreasonably slippery and slick substance upon which Plaintiff slipped was dirty, and as such, appeared to have been present on the floor for a sufficient amount of time, such that, Defendant's crewmembers who were standing within a close distance to the subject area, did and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

   c. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant had installed video cameras to monitor the subject area, and had Defendant

reasonably monitored the subject area via those cameras, Defendant did and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident; and/or

d. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident.

22. As a result of the negligence of Defendant and its actions and failures to provide Plaintiff with a reasonably safe place to walk, Plaintiff sustained injuries including, but not limited to, a dislocated and fractured patella requiring surgery.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

23. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

24. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers, including the Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, like Plaintiff, are invited to or may reasonably be expected to visit.

25. On or about April 28, 2023, the Plaintiff was walking through Alchemy Bar. This is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

26. On or about April 28, 2023, Defendant and/or its agents, servants, and employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

a. Failure to warn the Plaintiff of the unreasonably slippery, slick, hazardous, and/or dangerous condition of the flooring surface in the subject area;

b. Failure to adequately warn the Plaintiff of the poorly maintained flooring surface used on the subject area;

c. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably slippery, slick and/or hazardous nature of the flooring surface of the subject area, including but not limited to hazardous co-efficiency of friction in light of the sticky tacky and/or hazardous condition of the flooring surface;

d. Failure to warn the Plaintiff of other fall accidents previously occurring in the same area, same deck, and/or same flooring surface due to foreign substances on the flooring surface; and/or

e. Failure to warn Plaintiff that Defendant did not have proper procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as unreasonably sticky, tacky flooring surfaces.

27. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have stepped on the unreasonably sticky, tacky, hazardous, and/or dangerous floor had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

28. At all times material hereto, the surface of the subject area was unreasonably slippery, slick, hazardous, and/or unreasonably dangerous.

29. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject area, the length of time the drink was spilled on the ground so as to create a slipping hazard, and/or through prior incidents involving passengers injured due to the unsafe flooring conditions aboard Defendant's vessels and/or other vessels reported within the cruise industry.  *Keller v. Carnival*

*Corp.*, case no: 23-cv-20387-DPG (slip and fall on deck 5 near bar area); *Hinojosa v. Carnival Corp.*, case no.: 23-cv-21816-RNS (slip and fall on deck 5 near café on same/substantially similar flooring); *Gore v. Carnival Corp.*, case no.: 23-cv-23662-RKA (slip and fall on foreign substance near bar area); *Hines v Carnival*, case no.: 23-cv-24884-JEM (slip and fall on deck 5 on same/substantially similar flooring); *Guenther v. Carnival Corp.*, 23-cv-24820 (slip and fall on same/substantially similar flooring); *Watkins v. Carnival Corp.*, case no: 23-cv-21254 (slip and fall on deck 5 on same/substantially similar flooring); *Carpenter v. Carnival Corp.,* 18-cv-25120 (slip and fall near bar area).[1]

30. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to provide Plaintiff with

---

[1] The foregoing are just a few examples of substantially similar prior incidents that Plaintiff was able to find from public records search which would have placed Defendant on notice of the hazardous and dangerous condition. Upon information and belief additional substantially similar incident will be disclosed in discovery which will include incidents where a lawsuit was not filed.

reasonable care under the circumstances.

32. At all times material hereto, it was the duty of Defendant to maintain the flooring area of the Alchemy Bar in a reasonably safe condition.

33. On or about April 28, 2023, Defendant and/or its agents, servants, and employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the subject flooring surface where the Plaintiff fell to determine whether the subject flooring was unreasonably slippery, slick, hazardous in nature, and/or dangerous;

   b. Failure to maintain the subject flooring surface where Plaintiff fell in a reasonably safe condition in light of the anticipated traffic in the area;

   c. Failure to maintain the subject floor in a clean and dry condition;

   d. Failure to maintain non-slid flooring surface in the subject area;

   e. Failure to maintain the subject flooring with a reasonable coefficient of friction to ensure it was not unreasonably slippery, slick;

   f. Failure to maintain the surface of the floor in a reasonably safe condition if/when the subject area floor became unreasonably slippery, slick, including, but not limited to, closing off the subject area that was dangerously sticky, tacky and/or placing signage to warn passengers of hazardous areas;

   g. Failure to maintain anti-slip/slip-resistance material, mats, and/or anti-slip/slip-resistance tape on the subject flooring surface; and

   h. Failure to adequately and reasonably correct a hazardous condition which Defendant knew or should have known about.

34. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect, and monitor the subject area.

35. At all times material hereto, the subject area was unreasonably wet, slippery, slick, sticky, hazardous, and/or unreasonably dangerous.

36. At all times material hereto, Defendant knew of the foregoing dangerous conditions

causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject area, the length of time the drink was spilled on the ground so as to create a slipping hazard, and/or through prior incidents involving passengers injured due to the unsafe flooring conditions aboard Defendant's vessels and/or other vessels reported within the cruise industry. *Keller v. Carnival Corp.*, case no: 23-cv-20387-DPG (slip and fall on deck 5 near bar area); *Hinojosa v. Carnival Corp.*, case no.: 23-cv-21816-RNS (slip and fall on deck 5 near café on same/substantially similar flooring); *Gore v. Carnival Corp*., case no.: 23-cv-23662-RKA (slip and fall on foreign substance near bar area); *Hines v Carnival*, case no.: 23-cv-24884-JEM (slip and fall on deck 5 on same/substantially similar flooring); *Guenther v. Carnival Corp*., 23-cv-24820 (slip and fall on same/substantially similar flooring); *Watkins v. Carnival Corp*., case no: 23-cv-21254 (slip and fall on deck 5 on same/substantially similar flooring); *Carpenter v. Carnival Corp.,* 18-cv-25120 (slip and fall near bar area).

37. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the

law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

38. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

39. On or about April 28, 2023, Defendant through its crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

a. Failure to adequately and regularly monitor the subject area to maintain it free of foreign substances which caused the floor to be unreasonably slippery, slick hazardous, and/or dangerous conditions;

b. Failure to adequately inspect the floor at reasonable and adequate intervals so as to discover unreasonably slippery, slick, hazardous, and/or dangerous conditions;

c. Failure to close off and/or place warning signs/cones on or around the unreasonably slippery, slick, hazardous, and/or dangerous flooring surface in the subject area;

d. Failure to have a non-slip, non-slid, and/or non-skid flooring surface on the subject area;

e. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers;

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, and maintained free of unreasonably slippery, slick, hazardous, and/or dangerous conditions;

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, sticky, hazardous, and/or dangerous areas and/or that such unreasonably slippery, slick, hazardous, and/or dangerous areas are closed off;

h.   Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

i.   Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

j.   Failure to analyze prior accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

k.   Failure to correct hazardous conditions following other accidents in the same area and/or type of flooring surface;

l.   Failure to select, adopt, approve, and/ or utilize a reasonably safe flooring, and/or retrofit flooring, surface in light of the anticipated traffic and anticipated purpose of the area; and

m.   Failure to test and/or adequately evaluate flooring surface in light of the anticipated traffic and anticipated purpose of the area.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

41. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject area, the length of time the drink was spilled on the ground so as to create a slipping hazard, and/or through prior incidents involving passengers injured due to the unsafe flooring conditions aboard Defendant's vessels and/or other vessels reported within the cruise industry. *Keller v. Carnival Corp.*, case no: 23-cv-20387-DPG (slip and fall on deck 5 near bar area); *Hinojosa v. Carnival Corp.*, case no.: 23-cv-21816-RNS (slip and fall on deck 5 near café on same/substantially similar flooring); *Gore v. Carnival Corp.*, case no.: 23-cv-23662-RKA (slip and fall on foreign substance near bar area); *Hines v Carnival*, case no.: 23-cv-24884-JEM (slip and fall on deck 5 on

same/substantially similar flooring); *Guenther v. Carnival Corp*., 23-cv-24820 (slip and fall on same/substantially similar flooring); *Watkins v. Carnival Corp*., case no: 23-cv-21254 (slip and fall on deck 5 on same/substantially similar flooring);  *Carpenter v. Carnival Corp.,* 18-cv-25120 (slip and fall near bar area).

42. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

Dated: March 21, 2024

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Ste. 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Carol Finklehoffe*
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com