**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21096-MARTINEZ**

AMANDA TIENKEN,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No. 1], and states as follows*:

### ANSWER

### PRELIMINARY ALLEGATIONS

1.     Without knowledge, therefore denied.

2.     Admitted for purposes of this litigation only that jurisdiction is proper.

3.     Admitted Plaintiff is claiming damages in excess of $75,000 and admiralty and maritime jurisdiction is proper.

4.     Admitted for purposes of this litigation only that jurisdiction is proper.

5.     Admitted the forum selection clause with Plaintiff's Passenger Ticket Contract requires that suit be filed in the Southern District of Florida.

6.     Admitted for purposes of this litigation only that jurisdiction is proper.

7.     Admitted.

## FACTS COMMON TO ALL COUNTS

8.     Admitted Defendant operated the *Radiance* on the date of Plaintiff's alleged incident.

9.     Admitted.

10.    Denied as phrased.

11.    Denied as phrased.

12.    Denied as phrased.

13.    Denied as phrased.

14.    Denied as phrased.

## THE INCIDENT

15.    Admitted.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied, including subparts (a) through (c).

21.    Denied, including subparts (a) through (d).

22.    Denied.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Defendant incorporates its responses to paragraphs 1 through 22 as though fully stated herein.

23.    Admitted Defendant owes a duty of reasonable care.

24.    Denied as an incomplete and inaccurate statement of law.

25.	Admitted Plaintiff walked through Alchemy Bar on the date of the incident.

26.	Denied, including subparts (a) through (e).

27.	Denied.

28.	Denied.

29.	Denied.

30.	Denied.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Defendant incorporates its responses to paragraphs 1 through 22 as though fully stated herein.

31.	Admitted Defendant owes a duty of reasonable care.

32.	Denied as an incomplete statement of law.

33.	Denied, including subparts (a) through (h).

34.	Denied.

35.	Denied.

36.	Denied.

37.	Denied.

## COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Defendant incorporates its responses to paragraphs 1 through 22 as though fully stated herein.

38.	Admitted Defendant owes a duty of reasonable care.

39.	Denied, including subparts (a) through (m).

40.	Denied.

41.	Denied.

42. Denied.

\* Any allegation not specifically admitted to is hereby denied.

## AFFIRMATIVE DEFENSES

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow instructions, follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

F.     Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

G.     The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

H.     The Plaintiff's damages were caused entirely by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

I.     Defendant, and its employees and/or agents, had no notice of any dangerous or risk-creating condition.

J.     Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin
    Florida Bar No. 117767
    cooper.jarnagin@gray-robinson.com
    Ashley Genoese
    Florida Bar No. 1019357
    ashley.genoese@gray-robinson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Cooper Jarnagin*

## SERVICE LIST

Carol Lynn Finklehoffe
Lipcon Margulies & Winkleman, PA
One Biscayne Tower, Suite 1776
2 South Biscayne Blvd
Miami, Fl 33131
United States
305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com